# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN ANDREKOVICH,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 17-1041 |
| BOROUGH OF PUNXSUTAWNEY,<br>RICHARD ALEXANDER *in his*<br>*individual capacity*, and FRANK<br>WITTENBURG *in his individual capacity*<br>    Defendants. | )<br>) Magistrate Judge Robert C. Mitchell<br>)<br>)<br>)<br>) |

## **OPINION**

Presently pending before the Court is a motion for relief of judgment (ECF No. 51), with brief in support (ECF No. 52), filed by Plaintiff Brian Andrekovich (Andrekovich). The Borough of Punxsutawney, Richard Alexander, and Frank Wittenburg, collectively, "Defendants," have filed a response in opposition (ECF No. 54) and both parties have filed replies (ECF No. 55, 57). For the reasons that follow, this Court will deny Andrekovich's motion.

**Factual and Procedural History**

The factual history of this matter is well-known to the parties and will not be recited here.

Andrekovich filed his first amended complaint (ECF No. 21), raising claims under the Rehabilitation Act, 29 U.S.C. §§ 791-794 and the Civil Rights Act, 42 U.S.C. § 1983. On May 21, 2018, Defendants filed a motion for summary judgment (ECF No. 39), which was granted by this Court on October 29, 2018 (ECF No. 49). Judgement was entered in favor of Defendants that same day (ECF No. 50).

On November 8, 2018, Andrekovich filed a motion for relief of judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 51). Defendants filed a response in opposition

1

(ECF No. 54) arguing, *inter alia*, that Andrekovich's motion fails to allege any extraordinary circumstances which would justify relief under Rule 60(b)(6), the catch-all provision in the rule governing motions for relief from judgment. In response, Andrekovich sought, and was granted, leave to file a reply brief, in which he argued that he had "mistakenly" cited to Rule 60(b)(6) when he meant Rule of Procedure 59(e) (setting forth a 28-day timeframe to file a motion to alter or amend a judgment) (ECF No. 55). In their sur-reply brief, Defendants ask this Court to deny Andrekovich's motion under both statutes.

**Discussion**

1. Rule 60(b)(6)

"Relief under Rule 60(b)(6) is available only in cases evidencing extraordinary circumstances." Morris v. Horn, 187 F.3d 333, 341 (3d Cir.1999) (quoting Reform Party v. Allegheny Co. Dep't of Elections, 174 F.3d 305, 311 (3d Cir.1999)). Under Rule 60(b)(6), the court is "to dispense [its] broad powers...only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). Andrekovich appears to concede that he has failed to plead facts supporting the grant of extraordinary relief under Rule 60(b)(6) (ECF No. 55). Accordingly, to the extent Andrekovich was seeking relief under that rule, it is denied.

2. Rule 59(e)

Rule 59 provides for reconsideration of a judgment. See Blystone v. Horn, 664 F.3d 397, 415–16 (3d Cir. 2011). However, "[t]he scope of a motion for reconsideration ... is extremely

limited." Id. A party seeking reconsideration must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence unavailable when the court dismissed the motions; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Keifer v. Reinhart Foodservices, LLC, 563 Fed. Appx. 112, 114-115 (3d Cir. 2014) (quoting Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

It is under the third prong that Andrekovich seeks relief (ECF No. 55, pg. 2). Specifically, Andrekovich alleges that the Court: (1) disregarded the testimony of Borough Council president Jamie Sherry regarding Andrekovich's behavior at the February 4, 2016 meeting in Kittanning; (2) erred in determining that the allegations in the Gang of Six Letter formed a basis to justify the fitness for duty evaluation; (3) failed to credit Andrekovich's argument that "an inference that the employer did not actually perceive a threat arises where a delay occurs in taking any action on a perceived threat" (ECF No. 52, pg. 5); (4) disregarded Third Circuit precedent that "at the summary judgment stage, a plaintiff need not provide evidence directly contradicting each and every reason offered by the employer" (Id. at pg. 8); (5) failed to address the holding in Dee v. Borough of Dunmore, 549 F.3d 225, 234 (3d Cir. 2008); and (6) failed to view the evidence in the light most favorable to Andrekovich as the non-moving party.

The latter two bases for relief are directly belied by the Court's Opinion (ECF No. 50, pgs. 11, 26-27, 36). Additionally, it is well-settled that "[t]he purpose of a Rule 59(e) motion for reconsideration is not to relitigate or reargue the case, but to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). Further, when bringing a motion for reargument under the third ground for relief as stated in Keifer, "litigants are cautioned to 'evaluate whether what may seem

3

to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" Geneva Coll. v. Sebelius, 929 F. Supp. 2d 402, 452 (W.D. Pa. 2013) (citing Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994), aff'd, 31 F.3d 1175 (3d Cir.1994)). Here, as Defendants point out, Andrekovich's grounds for seeking relief of judgment are either a rehashing of issues raised by Andrekovich and addressed in the Court's Opinion on Defendants' motion for summary judgment, or new arguments in support of his previously-raised allegations (ECF No. 57, pg. 5-9). As a result, the Court finds that reconsideration is improper and will deny Andrekovich's motion.

    An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN ANDREKOVICH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1041 |
| | ) | |
| BOROUGH OF PUNXSUTAWNEY, | ) | Magistrate Judge Robert C. Mitchell |
| RICHARD ALEXANDER *in his* | ) | |
| *individual capacity*, and FRANK | ) | |
| WITTENBURG *in his individual capacity* | ) | |
|     Defendants. | ) | |

### ORDER

AND NOW, this 12th day of March, 2019 for the reasons stated in the Opinion filed contemporaneously herewith, it is hereby ORDERED that the Plaintiff's Motion for Relief of Judgment (ECF No. 51) be and the same hereby is DENIED.

        /s/ Robert C. Mitchell
        ROBERT C. MITCHELL
        United States Magistrate Judge

Cc: record counsel via CM-ECF